1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   KYLE WATSON,                          Case No.  2:22–cv–01268–FLA–PD
12                    Plaintiff(s),
13            v.                           **INITIAL STANDING ORDER**
14   ACTIVISION BLIZZARD, INC., et al.
15                    Defendant(s).
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS ACTION AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

COUNSEL FOR PLAINTIFF(S) SHALL SERVE THIS ORDER IMMEDIATELY ON ALL PARTIES AND/OR THEIR ATTORNEY(S), INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS ACTION HAS BEEN REMOVED FROM THE STATE COURT, THE DEFENDANT WHO REMOVED THE ACTION SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

This action has been assigned to the calendar of United States District Judge Fernando L. Aenlle-Rocha. Both the court and counsel bear responsibility for the progress of this action. To "secure the just, speedy, and inexpensive determination" of the action, as called for in Fed. R. Civ. P. 1, all parties or their counsel, including pro se litigants,[1] are ordered to be familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California ("Local Rules"), and this court's standing orders and online procedures and schedules.

Unless the court orders otherwise, the following rules shall apply.

**1.   SERVICE OF THE COMPLAINT**

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m), including "Doe" or fictitiously named defendants, shall be dismissed from the action without prejudice.

**2.   REMOVED ACTIONS**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this court as a supplement to

---

[1] Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). Any pending motions must be re-noticed in accordance with Local Rule 7. Counsel shall file with his or her first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this court contains a state court Judicial Council Form pleading, i.e., a pleading in which boxes are checked, the party that filed the form pleading must file in this court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

### 3.   ASSIGNMENT TO A UNITED STATES MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District Court's website, which also contains the consent form.

### 4.   CALENDAR CONFLICTS

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk via chambers email address at twyla_freeman@cacd.uscourts.gov as soon as possible and not later than three (3) business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and [Proposed] Order.

### 5.   DISCOVERY

#### a.   Discovery Matters Referred to United States Magistrate Judge

All discovery matters are hereby referred to the assigned Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the district judge's initials next to the action number. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper

1    routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy

2    Clerk to schedule matters for hearing and must follow the Magistrate Judge's

3    procedures for scheduling matters for hearing. These procedures are stated on each

4    Magistrate Judge's webpage. The parties are ordered to comply with Local Rule 37

5    and deliver mandatory chambers copies of discovery-related papers to the

6    Magistrate Judge assigned to this action.

7        In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision

8    shall be final, and this court will not reverse any order of the Magistrate Judge

9    unless it has been shown that the Magistrate Judge's order is clearly erroneous

10   or contrary to law. Any party may file and serve a motion for review and

11   reconsideration before this court. *See* Local Rule 72-2. The moving party must

12   file and serve the motion within fourteen (14) days of service of a written ruling

13   or within fourteen (14) days of an oral ruling the Magistrate Judge states will not be

14   followed by a written ruling. The motion must specify which portions of the ruling

15   are clearly erroneous or contrary to law and support the contention with points

16   and authorities. Counsel shall deliver a conformed copy of the moving papers and

17   responses to the Magistrate Judge's Courtroom Deputy Clerk at the time of filing.

18              **b.    Compliance with Fed. R. Civ. P. 26(a)**

19       Unless there is a likelihood that, upon motion by a party, the court would

20   order that discovery be stayed, the parties should begin to propound discovery

21   before the Scheduling Conference. The parties must comply fully with the letter

22   and spirit of Fed. R. Civ. P. 26(a) and produce discovery promptly.  At the

23   Scheduling Conference, the court will impose firm deadlines governing the

24   completion of discovery.

25       **6.    MOTIONS - GENERAL REQUIREMENTS**

26              **a.    Time for Filing and Hearing Motions**

27       Motions shall be filed in accordance with Local Rules 6 and 7. The court

28   hears motions in civil actions on Fridays, beginning at 1:30 p.m. It is not necessary

to clear a hearing date with the Courtroom Deputy Clerk before filing a motion, except for motions for summary judgment and preliminary injunction. The parties must adhere to the briefing schedule set forth in Local Rules 7-9 and 7-10, and the schedule herein for Fed. R. Civ. P. 56 motions, to afford the court adequate time to prepare for the hearing. If the motion hearing date selected is not available, the court will issue an order continuing the hearing. Professional courtesy dictates, and the court fully expects, the parties will accommodate each other's schedules, including vacations and holidays, whenever possible. The parties should not calendar a matter on a Friday that is a court holiday. If this occurs, the court will re-calendar the matter for another Friday.

### b.   Pre-Filing Requirement to Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court. Counsel shall resolve minor procedural or other non-substantive matters during the conference. The pro se status of one or more parties does not negate this requirement. The Notice of Motion must include a statement of compliance with Local Rule 7-3. The court may strike or deny a motion if counsel fail to meet and confer in good faith.

### c.   Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed twenty-five (25) pages. *See* Local Rule 11-6. Replies shall not exceed fifteen (15) pages. Only in rare instances and for good cause shown will the court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave of court.

Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1.

Times New Roman font must be no less than fourteen (14) point, and Courier font must be no less than twelve (12) point. Footnotes shall be in the same font and the same size as the body of the memorandum.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf so that when a document is e-filed, it is in the proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1

### d.   <u>Citations to Case Law</u>

Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided. Bluebook style is required.

### e.   <u>Citations to Other Sources</u>

Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced. Bluebook style is required.

### f.   <u>Oral Argument</u>

If the court deems a matter appropriate for decision without oral argument, the court will take the matter under submission and notify the parties before the hearing.

## 7.   SPECIFIC MOTION REQUIREMENTS

### a.   <u>Motions Pursuant to Fed. R. Civ. P. 12</u>

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Chang v. Chen*,

80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, the Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. In most instances, the parties should agree to any amendment that would cure the defect.

### b. <u>Motions to Amend</u>

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) identify the pages and line numbers, and wording of any proposed change or addition of material. The proposed amended pleading must be serially numbered to differentiate it from previously amended pleadings.

Counsel shall electronically file a "Notice of Lodging" attaching the proposed amended pleading as a document separate from the motion, and shall attach a "redlined" version of the proposed amended pleading identifying all additions and deletions of material as an appendix to the moving papers.

### c. <u>Motions for Class Certification</u>

Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set pursuant to the parties' stipulation during the

///

1   Scheduling Conference or in a Scheduling Order. No request for relief from Local

2   Rule 23-3 is necessary.

3           **d.    Summary Judgment Motions**

4           No party may file more than one motion pursuant to Fed. R. Civ. P. 56

5   regardless of whether such motion is denominated a motion for summary judgment

6   or summary adjudication, without leave of court. The parties shall not attempt to

7   evade the page limitations for briefs by filing multiple motions. If a party believes

8   this is one of the rare instances in which good cause exists for more than one

9   summary judgment motion or to increase page limits, the party shall seek leave

10  by noticed motion setting forth a detailed showing of good cause. Pursuant to

11  Fed. R. Civ. P. 56(f), when appropriate, based on undisputed facts and controlling

12  principles of law, the court may sua sponte enter summary judgment in favor of

13  the non-moving party.

14          Also, the court will not entertain cross-motions that seek to adjudicate the

15  same legal issues. If parties wish to cross-move for summary judgment, their

16  counsel shall meet and confer to determine which party will move and which will

17  oppose the one motion for summary judgment.

18          Parties need not wait until the motion cutoff date to bring motions for

19  summary judgment or partial summary judgment. The hearing on any such motion

20  shall be set for a date in advance of the Final Pretrial Conference. This court

21  requires an extended briefing schedule for motions under Rule 56, as follows:

22  •   Any Rule 56 Motion must be filed at least thirty-five (35) days before the

23  noticed hearing date.

24  •   Any Opposition must be filed twenty-one (21) days before the noticed hearing

25  date (fourteen (14) days after the Motion is filed).

26  •   Any Reply must be filed fourteen (14) days before the noticed hearing date

27  (seven (7) days after the opposition is filed).

28          The above briefing schedule is the default. The parties may stipulate to a

1   modified schedule that is reasonable for all parties. Any briefing schedule must

2   provide the court at least two weeks between the reply deadline and the hearing

3   date.

4       The parties should prepare papers in a fashion that will assist the court in

5   processing and analyzing the facts, including through the use of tables of

6   contents, headings, indices, bookmarks in electronic documents, and pinpoint

7   citations. The parties shall comply with Local Rules 56-1 through 56-2, taking

8   into account the court's additional requirements described below.

9               **i.    Statements of Uncontroverted Facts and Genuine Disputes**

10      The Separate Statement of Uncontroverted Facts required under Local Rule

11  56-1 shall be prepared in a two-column table, as shown below. The left-hand

12  column sets forth the allegedly undisputed fact. The right-hand column sets forth

13  the evidence that supports the factual statement. The factual statements should be

14  set forth in sequentially numbered paragraphs. Each paragraph should contain a

15  narrowly focused statement of fact. Each numbered paragraph should address a

16  single subject as concisely as possible. The "Conclusions of Law" portion of the

17  Statement should be inserted after the Statement of Uncontroverted Facts.

18

19  **Plaintiff's Claim for _____ is Barred by the Applicable Statute of Limitations.**

20

| Undisputed Fact | Evidence |
| --- | --- |
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

25      The opposing party's Statement of Genuine Disputes of Material Fact must

26  be in two columns and track the movant's separate statement exactly as prepared.

27  The left-hand column must restate the allegedly undisputed fact and the right-hand

28  column must state either that it is undisputed or disputed. The opposing party may

dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by a brief citation to the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe the reason(s) the exhibit or evidence refutes the asserted fact.  No legal argument should be set forth in this document.

| Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
| --- | --- |
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) at 29:4-16. |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand colum the evidence that supports that statement.

With its Reply, the moving party shall file a Response to the Statement of Genuine Disputes of Material Fact and Additional Material Facts. For each fact, the Response shall restate the allegedly undisputed fact and state whether the fact is disputed or undisputed by the opposing party. If the fact is undisputed, no further response is required.

If the fact is disputed, the Response shall restate the opposing party's evidence and reason for disputing the asserted fact. The moving party may provide a response to the opposing party's reason for dispute, including any reason why

the evidence cited by the opposing party does not create a genuine dispute and/or any additional evidence relevant to the asserted fact. This response may either be presented in three columns, with the response appearing in the right-hand column, or in two columns, with a response provided below each fact.

The Response may also include any response to additional material facts asserted by the non-moving party, and this response shall follow the format described above for the Statement of Genuine Disputes of Material Fact. The response to these additional facts shall continue in sequentially numbered paragraphs, and shall not restart the numbering.

All facts asserted by either party, whether disputed or undisputed, and all supporting evidence cited, shall be included in the Response. <u>Do not repeat descriptions of and citations to the evidence</u>. If you have already described and cited the evidence once, simply refer to the earlier citation succinctly (e.g., *See supra*, Fact # 1).

### ii.    <u>Supporting Evidence</u>

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### iii.   Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be stated succinctly in a separate statement of evidentiary objections in a two-column format. The left column should identify the items objected to (including page and line number if applicable) and the right column should set forth a concise objection (e.g., hearsay, lack of foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF System or emailed directly to the court's chambers email address at fla_chambers@cacd.uscourts.gov.

### e.   Motions for Attorney's Fees

Motions for attorney's fees shall be e-filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

All tables shall be attached to the motion and electronically filed. The courtesy copy of the table shall be emailed to the court's chambers email address at fla_chambers@cacd.uscourts.gov, and shall be prepared in Microsoft Excel

1   and have all restrictions removed so the spreadsheet can be edited.

2   **8.    PROPOSED ORDERS**

3       Each party filing or opposing a motion or seeking the determination of any

4   matter shall serve and electronically lodge a proposed order setting forth the relief

5   or action sought and a brief statement of the rationale for the decision with

6   appropriate citations. In addition, a copy of the proposed order in Word format

7   shall be either uploaded through the CM/ECF System or emailed directly to the

8   court's chambers email address at fla_chambers@cacd.uscourts.gov on the day

9   the document is e-filed.

10      A template for proposed orders is available on Judge Aenlle-Rocha's webpage.

11  The parties <u>must</u> use this template. Failure to submit a proposed order in Word

12  format, may result in the court striking the motion, application, or stipulation

13  without consideration of the request on its merits.

14  **9.    CHAMBERS COURTESY COPIES**

15      The court does not require chambers copies of any motion papers or exhibits,

16  and discourages the parties from sending courtesy copies to chambers. The court

17  refers the parties to the Scheduling Order for details regarding mandatory chambers

18  copies for pre-trial documents and trial exhibits. This order is not intended to affect

19  the parties' ability to file and lodge documents and materials that are exempt from

20  electronic filing under Local Rule 5-4.2.

21  **10.   PROPOSED PROTECTIVE ORDERS**

22      Proposed protective orders pertaining to discovery must be submitted to the

23  assigned Magistrate Judge. Protective orders must not purport to allow any matters

24  to be filed under seal in connection with dispositive motions (including a class

25  certification motion) or trial without a court order. The existence of a protective

26  order alone does not authorize the filing of pleadings or other documents under

27  seal in whole or in part.

28  ///

**11.    FILINGS UNDER SEAL**

Local Rule 79-5 governs applications to file documents under seal. Local Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave is granted. Parties must comply with all provisions of Local Rule 79-5.

There is a strong presumption of access in civil actions. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the information to be protected. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file a complete version of the documents under seal and a redacted version for public viewing, omitting only the portions that the court has authorized to be filed under seal.

Sealing must be justified for each individual item: blanket claims of confidentiality will result in the application to seal being denied. Counsel is strongly encouraged to consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument. An application to seal that includes meritless requests to seal or redact documents will be denied. The parties also must meet and confer before filing an application to seal.

**12.    APPEARANCE AT HEARINGS**

Pursuant to General Order 21-07 regarding the Coronavirus Public Emergency, as of April 19, 2021, the Central District of California has transitioned to Phase 3 of the Reopening Plan and in-court hearings are permitted at the discretion of the court. Accordingly, the court requires in-person attendance for all hearings and trials, unless otherwise instructed by the court.

The court may permit appearances by telephone or video conference for status

conferences upon a showing that a personal appearance will cause undue hardship.

If you wish to appear by telephone or video conference, you must:

1. email the Courtroom Deputy Clerk and copy opposing counsel at least three (3) court days in advance of the scheduled appearance and provide a detailed statement of undue hardship;

2. use a landline to call into the bridge line provided by the Courtroom Deputy Clerk or use a hardline internet connection to connect to the Zoom link for the court; and

3. be available and ready to call in for at least fifteen (15) minutes before the time of the scheduled hearing.

## 13.   EX PARTE APPLICATIONS

The court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

Ex parte applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause. The moving party shall serve the opposing party electronically, if possible. A party is considered served once the ex parte application has been e-filed. All parties registered for electronic service are sent a notification of ECF filing each time a document is e-filed with a link to the document for one free view. Parties enrolled for service by facsimile or mail must be served the ex parte application by facsimile or personal service.

Following service of the ex parte application by electronic, facsimile, or personal service, the moving party shall notify the opposing party that any opposition must be filed no later than twenty-four (24) hours following service.

1    Counsel will be notified by the clerk of the court's ruling.  If counsel does not

2    intend to oppose an ex parte application, counsel must inform the Courtroom

3    Deputy Clerk at (213) 894-5686.

4        **14.    INJUNCTIONS AND RESTRAINING ORDERS**

5            Parties seeking preliminary or emergency injunctive relief must comply with

6    Fed. R. Civ. P. 65 and Local Rule 65. Applications for a Temporary Restraining

7    Order ("TRO") are governed by Local Rule 7-19, which applies to ex parte

8    applications. Thus, oppositions to Applications for a TRO must be filed within

9    twenty-four (24) hours following service of the Application. The court will not

10   rule on any Application for a TRO for at least twenty-four (24) hours after the

11   party subject to the requested order has been served, unless notice is excused as

12   per Fed. R. Civ. P. 65(b) or the interests of justice so require.

13       **15.    CONTINUANCES**

14           The court has a strong interest in keeping scheduled dates certain. Changes

15   in dates are disfavored. Trial dates set by the court are firm and will rarely be

16   changed. Therefore, a stipulation to continue or extend the date of any matter

17   before this court <u>must</u> be supported by a sufficient factual basis that demonstrates

18   good cause why the change in the date is essential. Without such compelling

19   factual support and a showing of due diligence, stipulations continuing dates will

20   not be approved. Counsel requesting a continuance or extension of time must file

21   electronically a stipulation and lodge a proposed order including a <u>detailed</u>

22   declaration of the grounds for the requested continuance or extension of time.

23   Failure to comply with the Local Rules and this Order will result in rejection of

24   the request without further notice to the parties. Proposed stipulations extending

25   scheduling dates do not become effective unless and until this court so orders.

26   <u>Counsel shall avoid submitting requests for continuance or extension of time less</u>

27   <u>than five (5) business days prior to the expiration of the scheduled date</u>. A request

28   to continue or extend dates or deadlines that have already expired constitutes a

presumptive lack of due diligence.

### 16.   COMMUNICATIONS WITH CHAMBERS

Counsel <u>must not</u> attempt to contact the court or chambers staff by email telephone, or ex parte means. For appropriate matters only, counsel may contact the Courtroom Deputy Clerk via chambers email address at twyla_freeman@cacd.uscourts.gov, or by telephone at (213) 894-5686. Counsel must not contact the Courtroom Deputy Clerk regarding the status of any matter before the court. Counsel must include on all papers his or her email address, telephone number, and facsimile number to facilitate communication with the Courtroom Deputy Clerk.

### 17.   ORDER SETTING SCHEDULING CONFERENCE

Pursuant to Fed. R. Civ. P.16(b), the court will issue an order setting a scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

### 18.   SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")

As stated in Local Rule 16-15, the parties in every action must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. The court will not hold a final pretrial conference or convene a trial unless and until all parties, including the principals of all corporate parties, have completed ADR.

This court participates in the court-directed ADR Program whereby the court refers the parties to the Magistrate Judge, the court Mediation Panel, or private mediation. *See* General Order 11-10, §5.1. If a Notice to Parties of Court-Directed ADR Program (ADR-08) has been filed in this action, counsel must furnish and discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference. In their Joint Rule 26(f) Report, counsel should state their preferred ADR procedure. The court will refer the action to a procedure at the initial scheduling

conference. More information about the court's ADR Program, the Mediation Panel, and mediator profiles is available on the court's website at https://www.cacd.uscourts.gov/attorneys/adr.

IT IS SO ORDERED.

Dated:  March 10, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge